Filed 1/25/22  In re B.M. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re B.M. et al., Persons Coming Under the Juvenile Court Law. | B311615 (Los Angeles County Super. Ct. No. 18CCJP06577C-D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. SOPHIA M., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Mary E. Kelly, Judge.  Dismissed.

Shep Zebberman for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

_____

On February 23, 2021, the juvenile court sustained a Welfare and Institutions Code section 300[1] petition regarding B.M. (born 2008) and L.M. (born 2010) (collectively minors) and granted the motion of defendant and appellant Sophia M. (Sophia) to terminate her probate legal guardianship of minors. On appeal, Sophia contends that (1) the court erred by successively continuing the hearing until that date and (2) she was provided ineffective assistance of counsel.

Because we can provide no effective relief, we dismiss the appeal as moot.

## BACKGROUND

### I. *Probate Legal Guardianship*

Minors' mother died in 2015. Sophia, a maternal relative, was granted a probate legal guardianship of minors in 2017.

### II. *Section 300 Dependency Petition*

On October 8, 2019, the Los Angeles County Department of Children and Family Services (DCFS) received a referral alleging that Sophia physically abused minors. Minors were detained in foster care on the same day.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Two days later, on October 10, 2019, DCFS filed a dependency petition seeking the juvenile court's exercise of jurisdiction over minors pursuant to section 300, subdivisions (a) (serious physical harm) and (b)(1) (failure to protect). The petition alleged that Sophia physically abused minors by striking their heads and arms with hangers; told minors to give false information to the investigating social worker; and left minors alone without adult supervision for extended periods of time.

III. *Detention Hearing*

At the detention hearing on October 15, 2019, the juvenile court found that a prima facie showing had been made that minors were persons described by section 300. The court detained minors from Sophia and set the adjudication hearing for December 19, 2019.

IV. *Continuances of Adjudication Hearing*

On October 24, 2019, the matter was walked on to reset the adjudication hearing, as the juvenile court would be dark on December 19, 2019. The hearing was continued to January 9, 2020.

On January 9, 2020, the juvenile court noted that "a due diligence" had not been prepared and that the matter needed to be continued. Sophia's counsel stated that she would be "submitting a motion very promptly in order to terminate the probate legal guardianship[.]" Counsel therefore required a 60-day continuance "for proper notice." The court set the adjudication hearing for March 9, 2020.

V. *Motion to Terminate Probate Legal Guardianship*

Sophia filed a motion to terminate her probate legal guardianship of minors on March 9, 2020. The motion argued that the requested termination was in minors' best interest

3

because "minors continue to make [their] allegations against [Sophia] and currently express an unwillingness to return to the home of [Sophia]. Furthermore, [Sophia] is unwilling to receive . . . minors back into her home."

VI. *Further Continuances of Adjudication Hearing*

Sophia's counsel of record was ill and not present at the hearing on March 9, 2020, so another attorney stood in. The stand-in attorney stated, "I'm just here for the day. I did not have adequate time to prepare for this hearing. It is a bit of a complicated matter. So I am asking for a continuance for [the attorney of record] to be present." The juvenile court continued the adjudication hearing to March 25, 2020.

On March 23, 2020, the juvenile court found good cause to continue the adjudication hearing to April 21, 2020, "[b]ased on current conditions, including, but not limited to, the spread of Covid-19, the need for social distancing, and the state of emergency having been declared by Governor Newsom, and pursuant to the Administrative Order dated March 17, 2020[,] issued by the Presiding Judge[.]" For the same reasons, on April 14, 2020, the court continued the adjudication hearing to October 26, 2020.

For reasons unclear in the record, at some point the adjudication hearing was moved to November 9, 2020. On September 11, 2020, the hearing was moved to November 12, 2020.

At the November 12, 2020, hearing, the juvenile court noted that the motion to terminate the legal guardianship was pending and that the court's tentative decision was to sustain the petition. Sophia's counsel objected that Sophia had not received notice. Counsel stated that Sophia requested that the

4

termination motion be continued. The court rescheduled the hearing on Sophia's termination motion and the adjudication hearing to February 23, 2021.

VII. *Adjudication Hearing*

The adjudication hearing took place on February 23, 2021.

Sophia's counsel requested that the juvenile court grant the motion to terminate the probate legal guardianship but dismiss the dependency petition. Counsel argued that Sophia denied the physical abuse allegations, which were "remote in time." Counsel noted that Sophia had not had contact with minors and had "no intent to reunify with the children as expressed with her motion to dissolve the legal guardianship."

After entertaining oral argument by the various parties, the juvenile court sustained the petition, declared minors dependents of the court under section 300, and removed them from Sophia's custody. The court granted Sophia's motion to terminate the legal guardianship of minors and set the matter for a section 366.26 hearing.

This timely appeal ensued.

## DISCUSSION

Sophia raises two issues on appeal. First, she argues that the juvenile court erred by successively continuing the adjudication hearing beyond the time authorized under section 352, subdivision (b).[2] Second, she argues that she was

---

[2] Section 352, subdivision (b), provides in relevant part: "Notwithstanding any other law, if a minor has been removed from the parents' or guardians' custody, a continuance shall not be granted that would result in the dispositional hearing, held pursuant to [s]ection 361, being completed longer than 60 days . . . after the hearing at which the minor was ordered

5

provided ineffective assistance of counsel when her attorney requested a continuance of her motion to terminate the legal guardianship.  Sophia does not otherwise challenge the merits of the court's orders sustaining the dependency petition or granting Sophia's motion to terminate her legal guardianship of minors.  The sole remedy sought by Sophia is the reinstatement of her legal guardianship.

"In general, it is a court's duty to decide ""actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."" [Citation.]  '[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.' [Citation.]" (*In re David B.* (2017) 12 Cal.App.5th 633, 644 (*David B.*).)  "When no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315 (*Jessica K.*).)

Here, no effective relief can be offered to Sophia even if we were to find reversible error.  She obtained the relief she sought below—termination of her probate legal guardianship of minors.  She does not argue that the termination itself was error; rather, she challenges the amount of time it took.  Reversing the order granting Sophia's own motion and reinstating the legal guardianship is a nonsensical remedy for the purported error.

---

removed or detained, unless the court finds that there are exceptional circumstances requiring a continuance. . . .  The facts supporting a continuance shall be entered upon the minutes of the court.  The court shall not grant continuances that would cause the hearing pursuant to [s]ection 361 to be completed more than six months after the hearing pursuant to [s]ection 319."

As for sustaining the dependency petition, Sophia does not contend that the juvenile court's exercise of dependency jurisdiction over minors was error and subject to reversal. We cannot ascertain how reinstating Sophia's legal guardianship—the only remedy sought by Sophia on appeal—would provide effective relief for any delay related to the adjudication of the petition.

Our inability to provide any effective relief to Sophia moots her appeal and warrants dismissal. (*David B.*, *supra*, 12 Cal.App.5th at p. 652; *Jessica K.*, *supra*, 79 Cal.App.4th at p. 1315.)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT